IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BARTHOLOMEW DUCKETT                                                                                                PLAINTIFF

v.                                            4:16-cv-00019-JLH-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,                                                                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Bartholomew Duckett, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income.  Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is fifty-two years old. (Tr. 48) He testified he earned a general equivalence degree. (*Id.*)

Plaintiff alleges he is disabled due to "diabetes, mental health, gout, thyroid, acid reflux, bowel problem, thyroid problem, sleep apnea, [and] high blood pressure." (Tr. 148) The ALJ[1] found Mr. Duckett had not engaged in substantial gainful activity since April 16, 2012 - the application date. (Tr. 12) He has "severe" impairments in the form of diabetes, hypertension, sleep apnea, a history of lumbar compression fracture, antisocial personality disorder, and a history of polysubstance abuse. (*Id.*) The ALJ further found Mr. Duckett did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (Tr. 12-15)

The ALJ determined Mr. Duckett had the residual functional capacity to perform a reduced range of light work. (Tr. 15) He determined Mr. Duckett could no longer perform his past work as a truck driver, so he utilized the services of a vocational expert to determine whether other work existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 17-18, 65-68) Through asking hypothetical questions of the vocational expert, the ALJ assessed that Mr. Duckett could perform the jobs of production assembler and cashier. (Tr. 65-68, 18) Accordingly, the ALJ determined Mr. Duckett was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

his decision the final decision of the Commissioner. (Tr. 1-3) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff raises several arguments. He believes the ALJ erred in determining his gout was not a "severe" impairment, improperly evaluated the evidence from his treating and evaluating doctors, made an incorrect residual functional capacity assessment, and asked improper hypothetical questions of the vocational expert. (Doc. No. 11.)

With regard to his first argument, Plaintiff contends the findings of his treating physician, Derek Lewis, M.D., should constitute substantial evidence. Generally, this is true. But as the United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir.2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had good reason to discount Dr. Lewis's conclusions. He provided a Medical Assessment of Ability to Do Work-Related Activities (Physical), dated May 19, 2014. (Tr. 533-534) In this assessment, Lewis notes that Mr. Duckett is *extremely* limited. Yet, these extreme limitations, as the ALJ determined, are not borne out by Plaintiff's treatment notes. (Tr. 277, 398, 414-417, 449, 522-31) As the Commissioner points out, it is inconsistent that Dr. Lewis has reported such extreme limitations when his treatment notes say otherwise. The same is true with the General Physical Examination by Muhammad Shajaat, M.D. (Tr. 514-520) Dr. Shajatt's assessment of Plaintiff's ability to sit and stand or walk is simply inconsistent with his findings.

Although Plaintiff has certainly offered evidence supporting disability, credibility determinations and the weight given to evidence are the prerogatives of the fact-finding ALJ, within broad limits. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). Therefore, I find Plaintiff's

argument to be unavailing.

Plaintiff also argues the ALJ wrongly concluded his gout was not "severe." A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a)  *Non-severe impairment(s).*  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)  *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;
> (5)  Responding appropriately to supervision, co-workers and usual work situations; and
> (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

Although Plaintiff certainly has had some significant bouts with his gout, there is ample evidence to support the ALJ's conclusion in this regard. The ALJ stated, "He takes allopurinol four gout, and levoxthryrine for his thyroid condition. He admitted in his testimony that his medications control these diseases, except that he has had problems relating to a lack of access to his necessary medication due to financial concerns." (Tr. 12.) The record supports Plaintiff's assertions. And while I am sympathetic to Plaintiff's financial struggles, I find no reversible error on this point. Accordingly, substantial evidence supports the ALJ's determination that Plaintiff's gout did not rise to the level of a "severe" impairment. I note that Plaintiff's counsel makes compelling arguments in support of his position on this point, it is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*,

82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

Plaintiff has advanced other arguments which I have considered and find to be without merit. I am sympathetic to Mr. Duckett's claims. He has apparently worked hard to rid himself of his addition to drugs and alcohol. But the record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final determination of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 3rd day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE